# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| DORA SIRMONS, DUANE FIELDER, KIMBERLY MCCRAY, SHARON BLACKSTONE, STANLEY GREEN, MATTHEW CHAPMAN, DENNIS AARON, LUCILLE TISDALE, RICKY COLE, and KELLY WARNER, | ) ) ) ) ) ) ) | Case No. 3:20-cv-01508-S |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| C. R. BARD, INC., a New Jersey Corporation; BARD PERIPHERAL VASCULAR, INC., an Arizona Corporation; MCKESSON CORPORATION, a Corporation; and DOES 1 through 100 inclusive, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MCKESSON CORPORATION'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS WITHOUT PREJUDICE
<u>PLAINTIFFS' CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION</u>**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

I.  BACKGROUND AND PERTINENT FACTS ................................................................ 1

II. ARGUMENT AND CITATION TO AUTHORITY ........................................................ 1

  A.  This Court's Finding That McKesson Corp. is Fraudulently Joined to This Case Means That Plaintiffs' Claims Against McKesson Corp. Must be Dismissed Without Prejudice For Lack of Subject Matter Jurisdiction ................. 1

III. CONCLUSION ............................................................................................................ 2

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Henneberger v. Ticom Geomatics, Inc.*,
  No. 1:18-CV-134-RP, 2018 WL 6588527 (W.D. Tex. Dec. 12, 2018) .................................... 2

*Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*,
  818 F.3d 193 (5th Cir. 2016) ............................................................................................. 1, 2

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendant McKesson Corporation ("McKesson Corp.") respectfully moves this Court to dismiss Plaintiffs' claims against it for lack of subject-matter jurisdiction.

## I.     BACKGROUND AND PERTINENT FACTS

This case is one of 55 separate, multi-plaintiff product liability cases (totaling 556 plaintiffs) filed and served by Plaintiffs' counsel in Texas state court relating to alleged personal injuries arising from implantation of inferior vena cava filters ("IVC filters") that were manufactured, designed, and distributed by Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (C. R. Bard and BPV are collectively referred to herein as "the Bard Defendants" or "Bard"). *See* Petition at ¶¶ 13-14, 90, Doc. No. 1-8.

The Bard Defendants removed this case to the United States District Court for the Northern District of Texas, Dallas Division, on the basis of the Court's diversity jurisdiction, and asserted that McKesson Corp. is fraudulently joined to this case. *See* Notice of Removal at ¶¶ 23-52, Doc. No. 1. Because federal subject matter jurisdiction over this matter only exists if the Court finds that McKesson Corp. is fraudulently joined, this Motion should only be heard and decided by this Court ***after*** a determination that McKesson Corp. is fraudulently joined to this case.

## II.    ARGUMENT AND CITATION TO AUTHORITY

**A.  This Court's Finding That McKesson Corp. is Fraudulently Joined to This Case Means That Plaintiffs' Claims Against McKesson Corp. Must be Dismissed Without Prejudice For Lack of Subject Matter Jurisdiction.**

"When, as here, a court determines that a nondiverse party has been improperly joined to defeat diversity, that party *must* be dismissed without prejudice." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016) (emphasis in original). The

1

Court's authority to determine its own jurisdiction permits it to find that a non-diverse party is fraudulently joined "and, in so doing, to dismiss the party that has been improperly joined." *Id.*

Here, for the reasons stated in the Bard Defendants' Notice of Removal (Doc. 1, ¶¶ 23-52), which McKesson Corp. incorporates herein by reference, McKesson Corp. has been fraudulently joined to this action. Accordingly, pursuant to the Fifth Circuit's mandate in *Int'l Energy*, McKesson Corp. respectfully requests that Plaintiffs' claims against it be dismissed without prejudice for lack of subject matter jurisdiction. *See, e.g.*, *id.* at 209-210 (district court's dismissal of claims against fraudulently-joined, non-diverse defendant was effectively a dismissal without prejudice for lack of subject matter jurisdiction); *Henneberger v. Ticom Geomatics, Inc.*, No. 1:18-CV-134-RP, 2018 WL 6588527, at *5 (W.D. Tex. Dec. 12, 2018) (finding that the non-diverse defendant was fraudulently joined and granting that defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1)).

### III.  CONCLUSION

For the reasons set forth above, McKesson Corp. respectfully request that Plaintiffs' claims against it be dismissed without prejudice for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1).

Respectfully submitted,

*/s/Melissa Dorman Matthews*
Melissa Dorman Matthews
Texas Bar No. 00790603
mmatthews@hartlinebarger.com
Jordan E. Jarreau
Texas Bar No. 24110049
jjarreau@hartlinebarger.com
**HARTLINE BARGER LLP**
8750 N. Central Expy., Suite 1600
Dallas, Texas 75231
Telephone: (214) 369-2100
Facsimile: (214) 267-4271

**ATTORNEYS FOR DEFENDANT
MCKESSON CORPORATION**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 17th day of June, 2020, a true and correct copy of the foregoing document was served upon all known counsel of record via ECF in accordance with the Federal Rules of Civil Procedure.

                                          /s/ *Melissa Dorman Matthews*
                                          Melissa Dorman Matthews