**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| DORA SIRMONS, DUANE FIELDER, KIMBERLY MCCRAY, SHARON BLACKSTONE, STANLEY GREEN, MATTHEW CHAPMAN, DENNIS AARON, LUCILLE TISDALE, RICKY COLE and KELLY WARNER,<br><br>Plaintiffs,<br><br>v.<br><br>C. R. BARD, INC., a New Jersey Corporation; BARD PERIPHERAL VASCULAR, INC., an Arizona Corporation; MCKESSON CORPORATION, a corporation; and DOES 1 through 100 inclusive,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )     Case No. 3:20-cv-01508-S |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO**
**SEVER AND TRANSFER VENUE OF OUT-OF-STATE PLAINTIFFS' CASES**

**I.    INTRODUCTION**

Plaintiffs filed their Original Petition in Texas state court against Defendants responsible for the serious injuries Plaintiffs sustained as a result of being implanted with Bard inferior vena cava filters. Defendants C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. ("Bard") removed the case to this Court on the grounds that Defendant McKesson Corporation, which has its principal place of business in Texas, was the wrong McKesson company. Bard then moved to dismiss the non-Texas Plaintiffs' claims for lack of personal jurisdiction. McKesson Corporation moved to have the claims against it dismissed for lack of subject matter jurisdiction, accepting Bard's theory that the claims should be severed for purposes of a jurisdictional analysis.

Plaintiffs face the choice of engaging in a protracted legal battle over where to proceed with their causes of action, or Plaintiffs can agree to proceed more efficiently and expeditiously in the geographical jurisdiction identified by Bard, i.e., the State of the implantation of the Bard filter. Plaintiffs choose the latter, and thereby seek transfer to federal District Courts where personal jurisdiction over Bard is proper, even according to Bard's reading of the operative law.

## II.    PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Plaintiffs' Original Petition pleads that each Plaintiff was implanted with a filter marketed by, upon information and belief, McKesson Corporation, and the Petition describes McKesson's business in marketing and administering filters for Bard through Bard Reach™.[1] McKesson Corporation has its principal place of business in Texas.[2] Plaintiffs also pled that the Bard Defendants availed themselves of the State of Texas by contracting with McKesson Corporation to distribute Bard filters.[3]

Bard removed the case to this Court. Bard's removal notice states that "Plaintiffs named the wrong corporation," because a different McKesson entity, "McKesson Specialty Arizona, Inc.," contracted with Bard to implement Bard Reach™.[4] In support of this contention, Bard filed excerpts from the Services Agreement with McKesson Specialty Arizona Inc. and Secretary of State records.[5]

---

[1] Plaintiffs' Original Petition ¶16 [PageID 56] ("McKesson's business included designing, launching, marketing, establishing, and administering the Bard Reach™, a marketing initiative designed to ensure patients implanted with Bard IVC filters are tracked for follow up care or retrieval of the filter. On information and belief, Defendant McKesson marketed the Bard Filters with which the Plaintiffs were each implanted.").
[2] Answer and Affirmative Defenses of Defendant McKesson Corporation ¶15 [PageID 184].
[3] Plaintiffs' Original Petition ¶29 [PageID 58].
[4] Notice of Removal ¶11 [PageID 5].
[5] *See id.*; Docs. 1-3, 1-4.

2

After the case was removed, McKesson Corporation moved to dismiss without prejudice, citing the notice of removal and its argument that McKesson Corporation was fraudulently joined. Plaintiffs do not oppose McKesson Corporation's motion. Complete diversity jurisdiction exists as to the remaining Defendants and Plaintiffs.

Bard moved to dismiss the non-Texas Plaintiffs on the grounds of personal jurisdiction. According to Bard's argument, personal jurisdiction over Bard is proper in the State where the Plaintiff was implanted with a Bard inferior vena cava filter.[6] As to the non-Texas Plaintiffs subject to Bard's motion, Plaintiffs move that the Court transfer their claims to a District Court in the State of implantation, and where applicable the District and Division within that State corresponding to the Plaintiffs' residence. In support of this Motion, Plaintiffs file a Declaration and records of the States of implantation and residence. *See* Exhibit A, Declaration of Steven Schulte.

## III.    ARGUMENT AND AUTHORITIES

### A.  Standard of Review

A motion to transfer venue is addressed to the discretion of the trial court. *Casarez v. Burlington N./Santa Fe Co.*, 193 F.3d 334, 339 (5th Cir. 1999) (citing *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989); further citation omitted). Motions to sever are also entrusted to the Court's discretion. *See Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994) (citing Federal Rule of Civil Procedure 21).

### B.  The Relief Requested Is Authorized Pursuant to 28 U.S.C. §§ 1404, 1406, 1631, Federal Rule of Civil Procedure 21, and this Court's Inherent Authority.

---

[6] *See* Defendants' Memorandum of Law in Support of Its Motion to Dismiss the Out-of-State Plaintiffs' Claims for Lack of Personal Jurisdiction, pp. 8-9 [PageID 122-23]. Personal jurisdiction is not limited to the State of implantation, but to avoid further litigation about where the case should be filed, which will delay justice and consume valuable judicial resources, Plaintiffs seek transfer to the State of jurisdiction that is proper according to Bard's own legal argument.

Section 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). In addition, "if it be in the interest of justice," cases in the wrong division or district may be transferred "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Neither personal jurisdiction nor proper venue in the transferor court is a prerequisite to a venue transfer. This Court may transfer this case in the interest of justice, whether or not personal jurisdiction and venue are proper in this forum. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962). "[I]t remains the rule in this circuit that a transfer to a district in which personal jurisdiction over the defendant can be obtained may properly be made under either section 1404(a) or section 1406(a)." *Ellis v. Great Sw. Corp.*, 646 F.2d 1099, 1107 (5th Cir. 1981) (citing *Aguacate Consolidated Mines, Inc. v. Deeprock, Inc.*, 566 F.2d 523, 524-25 (5th Cir. 1978); further citation omitted).

That the case was removed is not an impediment to application of the venue transfer statutes. "Precedent of [the Fifth Circuit] supports transfer of a case pursuant to section 1406(a) or section 1404(a) from a federal Court lacking personal jurisdiction to one possessing it, even if the case was removed from a state court that itself lacked personal jurisdiction." *Bentz v. Recile*, 778 F.2d 1026, 1027 (5th Cir. 1985); *see also Aguacate*, 566 F.2d at 524-25 (transfer for the convenience of the parties and in the interest of justice to district with proper venue is permitted

even if no personal jurisdiction existed in the transferring court and case was removed from a state court without personal jurisdiction).[7]

Moreover, the plaintiff may request a venue transfer. "The Supreme Court has clearly indicated that either a defendant or a plaintiff can move for change of venue under § 1404(a) and that the same treatment and consideration should be given to the motion for transfer regardless of who the movant of that motion may be." *In re Volkswagen AG*, 371 F.3d 201, 204 (5th Cir. 2004) (citation omitted).

In addition, Title 28, Section 1631, provides that if the Court "finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed or noticed." Further, the federal Courts have inherent power to transfer a case to a court of proper venue. *See Dornbusch v. Comm'r*, 860 F.2d 611, 614 (5th Cir. 1988) (Circuit Court without venue over attempted appeal has inherent authority to transfer to proper court; 28 U.S.C. § 1631 did not abolish inherent authority to transfer).[8]

The court may at any time, on just terms, sever any claim against a party. FED. R. CIV. P. 21. Here, Bard's removal notice impliedly admits that severance is proper; Bard bases removal on diversity of citizenship grounds, arguing that subject matter jurisdiction is complete, because certain parties should be separated from the majority of the other claims.

### C. The Non-Texas Plaintiffs' Cases Should Be Transferred in the Interests of Justice.

---

[7] *See also Olivarez v. GEO Grp., Inc.*, No. EP-14-CV-00436-FM, 2015 WL 13227823, at *3 (W.D. Tex. Feb. 12, 2015) ("a case may be transferred in the interest of justice and for the convenience of witnesses and parties, regardless of whether the court has personal jurisdiction over the defendants or not") (note collecting cases).

[8] Plaintiffs do not concede Bard's personal jurisdiction or "wrong" venue arguments, and do not need to because this Court has transfer authority under more than one federal statute (*e.g.*, the Court has authority under 28 U.S.C. § 1404), and has inherent authority.

The threshold question on a motion to transfer is whether the suit could have been brought in the proposed transferee district. *Volkswagen*, 371 F.3d at 203. This is undeniably true here, as Plaintiffs are conceding to transfers to District Courts in the States of their implantation with a Bard inferior vena cava filter, which is the State with personal jurisdiction over Bard according to Bard's argument to this Court. *See* Exhibit A, Declaration of Steve Schulte, and exhibits attached hereto (proof of States of implantation); *see also* Defendants' Memorandum of Law in Support of Its Motion to Dismiss the Out-of-State Plaintiffs' Claims for Lack of Personal Jurisdiction, pp. 8-9 [PageID 122-23] (arguing that State of implantation is the State with personal jurisdiction).

"A transfer of venue is appropriate where it is convenient for the parties and witnesses, and where the interests of justice so require." *Casarez*, 193 F.3d at 339 (citing 28 U.S.C. § 1404(a), and affirming transfer of venue). In determining whether to transfer the action, the court considers "all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Peteet*, 868 F.2d at 1436 (citation oimtted). A motion to transfer venue pursuant to § 1404(a) should be granted if "the movant demonstrates that the transferee venue is clearly more convenient," taking into consideration (1) "the relative ease of access to sources of proof"; (2) "the availability of compulsory process to secure the attendance of witnesses"; (3) "the cost of attendance for willing witnesses"; (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive"; (5) "the administrative difficulties flowing from court congestion"; (6) "the local interest in having localized interests decided at home"; (7) "the familiarity of the forum with the law that will govern the case"; and (8) "the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013)

6

(quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc); footnote discussing the *Gilbert* factors).

Here, the propriety of a venue transfer is not subject to an arduous inquiry, because lack of personal jurisdiction is a ground for transferring venue. *Palmer v. Idalia Llorens Collection Agency, Inc.*, 434 F. Supp. 3d 462, 472 (E.D. Tex. 2020) ("lack of personal jurisdiction is [a] ground for transferring venue") (citing *Ellis*, 646 F.2d at 1105 and n. 7; further citation omitted). *See also Farm & Ranch Servs., Ltd. v. L T Farm & Ranch, L.L.C.*, No. 5:08-CV-095-C, 2008 WL 11349973, at *8 (N.D. Tex. Nov. 20, 2008) ("Although the Court has determined that it lacks personal jurisdiction as to Defendants Tripp and LT Farm, the Court may still make a ruling on the transfer issue.") (citing *Ellis*, 646 F.2d at 1107; FEDPROC § 1:773 1A Fed. Proc., L.Ed. § 1:773 (Westlaw) (updated Sept. 2008), and transferring case); *Clemons v. WPRJ, LLC*, 928 F. Supp. 2d 885, 897 (S.D. Tex. 2013) ("Lack of personal jurisdiction is another ground for such a transfer.") (citing *Ellis*, 646 F.2d at 1105 and n. 7); *De Pedrero v. Schweizer Aircraft Corp.*, No. CV G-07-331, 2008 WL 11503874, at *1 (S.D. Tex. Feb. 4, 2008) ("A court may transfer a case even if it does not have personal jurisdiction over the defendants.") (citing *Ellis*, 646 F.2d at 1107; *Dubin v. United States*, 380 F.2d 813, 814-15 (5th Cir. 1967), and granting plaintiffs' transfer motion). Indeed, in *Self v. M&M Chem. Co.*, 177 F.3d 977 (5th Cir. 1999) (table; not cited as precedent), the Fifth Circuit determined that it was an abuse of discretion not to transfer the case upon a finding that the defendants were not amendable to personal jurisdiction in Texas.

The interests of justice would be served by a transfer. The Bard Defendants themselves have argued that the litigation should proceed in the forum State wherein each Plaintiff received the Bard IVC implants. Moreover, transfer would avoid the necessity of refiling, and transfer imposes no greater burden on the transferee District because the case would be filed (or removed)

7

there in any event.[9] Numerous courts have recognized that transfer best serves the interests of justice as opposed to dismissal.[10]

 The transferee District is convenient. Because each proposed transferee court lies in the forum State of implantation, and is the District (and if applicable Division) corresponding with each Plaintiff's residence, the *Gilbert* factors strongly weigh in favor of the transfer: the transferee Court will allow ease of access to sources of proof; medical provider witnesses should be accessible through service of process; travel costs should be minimized in light of proximity to sources of proof of implantation, treatment, and damages; other general practical problems should be minimized for the same reason; no new burden is imposed on the courts because the case would be filed (or removed) to the same court (per Bard's personal jurisdiction arguments); there is a local interest due to Plaintiffs' residence; and, the law of the State where the implantation occurred

---

[9] *See, e.g., TransFirst Grp., Inc. v. Magliarditi*, 237 F. Supp. 3d 444, 456 (N.D. Tex. 2017) (Pursuant to Section 1631, "the court must ask whether transferring the action against. . . [certain] Defendants would be in the interest of justice. The court concludes that transferring the case would avoid any prejudice to Plaintiffs of potential statute of limitations problems and would allow Plaintiffs to avoid the unnecessary expense associated with filing a new civil action. Moreover, transfer will not cause any undue burden to Defendants . . . Finally, transfer to the District of Nevada, where this action could have originally been brought, imposes no greater burden on that district, as Plaintiffs would have to refile their lawsuit in that district were the court to dismiss [certain] Defendants for lack of personal jurisdiction.").

[10] *See Am. Univ. Sys., Inc. v. Am. Univ.,* 858 F. Supp. 2d 705, 717 (N.D. Tex. 2012) ("[T]he court concludes that it is in the interest of justice to transfer this action to a district in which it could have been brought originally. Accordingly, the court, rather than dismiss for lack of personal jurisdiction or improper venue, hereby transfers this action to the District Court for the District of Columbia pursuant to 28 U.S.C. §§ 88, 1406(a), and 1631."); *CD Sols., Inc. v. Tooker*, 965 F. Supp. 17, 21 (N.D. Tex. 1997) ("The court finds that it would serve the interests of justice to transfer this action to the District of Oregon, where defendants reside, rather than to dismiss the case."). *Cf. USPPS, Ltd. v. Avery Dennison Corp*., 647 F.3d 274, 277 (5th Cir. 2011) ("All the parties agree that if we lack jurisdiction, then transfer rather than dismissal best serves the interest of justice. We agree that 'a balancing of equities weighs in favor of transfer because a new appeal . . . at this point would be barred as untimely and we find nothing to indicate that the [appellants] acted in bad faith by filing the instant appeal' with this Court.") (quoting *Scherbatskoy v. Halliburton Co*., 125 F.3d 288, 292 (5th Cir. 1997); ordering transfer to Federal Circuit).

will apply in some if not most cases. *See, generally,* Restatement (Second) of Conflict of Laws §

145 (most significant relationship test for choice of law in tort cases); *see also* the *Gilbert* factors

cited above. Bard cannot seriously claim any unfair prejudice or inconvenience, because Plaintiffs

are agreeing to transfer to the State identified by Bard as the proper personal jurisdiction site, i.e.,

the State of implantation of the filter.

Transfer and severance also have been granted where, as here, there are multiple parties.

*See, e.g., VeroBlue Farms USA, Inc. v. Wulf,* No. 3:19-CV-00764-X, 2020 WL 3036661, at *29

(N.D. Tex. June 5, 2020) (severing and transferring claims against one defendant to the United

States District Court for the Southern District of New York under section 1404 pursuant to the

forum-selection clause).[11]

## IV.    CONCLUSION AND PRAYER FOR RELIEF.

For the reasons set forth above, Plaintiffs respectfully request that the Court enter the

attached Proposed Order. The relief requested for the out-of-state Plaintiffs' claims is transfer to

the following United States District Courts:

| Plaintiff | Transferee Court |
| --- | --- |
| Dennis Aaron | the Huntsville Division of the United States District Court for the Northern District of Alabama [APP0002, APP0004] |
| Sharon Blackstone | Philadelphia Division of the United States District Court for the Eastern District of Philadelphia [APP0002, APP0008] |

---

[11] *See also, e.g., Bos. v. Orthofix Med., Inc.,* No. 4:19-CV-00438, 2019 WL 4277386, at *1 (E.D. Tex. Sept. 9, 2019) ("the Court finds that it does not have personal jurisdiction over Defendant Options Medical . . . . Accordingly, . . . the Court severs Plaintiff's claims against Defendant Options Medical from this suit and directs the Clerk of the Court to transfer it to the Northern District of Florida.").

| Matthew Chapman | Nashville Division of the United States District Court for Middle District of Tennessee [APP0002, APP0010] |
|---|---|
| Ricky Cole | Pikeville Division of the United States District Court for the Eastern District of Kentucky [APP0002, APP0015] |
| Duane Fielder | Reno Division of the United States District Court of Nevada [APP0002, APP0020] |
| Stanley Green | Harrisburg Division of the United States District Court for the Middle District of Pennsylvania [APP0002, APP0025] |
| Kimberly McCray | Springfield Division of the United States District Court for the Western District of Missouri [APP0002, APP0030] |
| Lucille Tisdale | Springfield Division of the United States District Court for the Western District of Missouri [APP0002, APP0033] |
| Kelly Warner | Tampa Division of the United States District Court for the Middle District of Florida [APP0002, APP0036] |

Dated July 31, 2020                              Respectfully submitted,

                                                 */s/ Steven Schulte*
                                                 **Steven Schulte**
                                                 Texas Bar No. 24051306
                                                 schulte@fnlawfirm.com
                                                 **Eric Przybysz**
                                                 Texas Bar No. 24102381
                                                 ericp@fnlawfirm.com
                                                 **Darren McDowell**
                                                 Texas Bar No. 24025520
                                                 dmcdowell@fnlawfirm.com
                                                 **FEARS NACHAWATI, PLLC**
                                                 5473 Blair Road
                                                 Dallas, TX 75231
                                                 Tel. (214) 890-0711

Fax (214) 890-0712

**<u>Certificate of Service</u>**

I hereby certify that on July 31, 2020, I filed the foregoing with the Clerk of Court via the

CM/ECF system, which will provide service to all attorneys of record.

*/s/ Steven Schulte*
**Steven Schulte**

11